**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PERKINS, | CASE NO. 1:10-cv-01611 GSA PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JOHN MATTHEWS, et al., | (ECF No. 10) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

This action proceeds on the January 11, 2011, first amended complaint.[1] Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at the California Correctional Institution at Tehachapi (CCI). Plaintiff names the following individual defendants: Chief Medical Officer John Matthews and Chief Dental Officer W. Prewett. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff suffered a jaw injury while housed in Administrative Segregation. On September 14, 2009, he was seen by R. Gray, R.N. Due to swelling, pain, disfigurement and speech difficulties, Gray had Plaintiff taken to triage. Plaintiff was seen by a dentist and sent to another facility within the prison for x-rays. The x-ray machine was inoperable. Eventually, Plaintiff was able to undergo an x-ray and was told the he would be sent to an outside hospital for surgery the next day. Plaintiff was returned to his housing unit without any pain medication.

Plaintiff was not sent out for surgery the next day. Plaintiff was in pain and not able to each or chew food. Plaintiff eventually contacted the Prison Law Office. Plaintiff also filed an inmate

---

[1] Plaintiff filed the first amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a).

2

grievance. Plaintiff was eventually seen and treated for his injuries. Plaintiff required oral surgery, and was treated for a gum infection. Plaintiff alleges that Defendants, as Chief Medical Officer and Chief Dental Officer, "should have made reasonable effort to provide urgent medical treatment, within 24 hours."

### A.  Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds that although Plaintiff clearly alleges that he suffered from an objectively serious medical condition, he fails to allege facts indicating that either defendant was personally aware of Plaintiff's condition and disregarded it. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d

3

740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

Further, under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff may not hold Defendants liable simply because of their supervisory roles. Plaintiff must allege facts indicating personal involvement on behalf of each named defendant. Plaintiff has not done so here. The first amended complaint must therefore be dismissed.

### III.    Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended

1  complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

2      Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state
3  what each named defendant did that led to the deprivation of Plaintiff's constitutional or other
4  federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations
5  must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp.
6  v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

7      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
8  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
10  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
11  complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing
12  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
13  1474.

14      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

15      1.    Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to
16      state a claim;

17      2.    The Clerk's Office shall send to Plaintiff a complaint form;

18      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
19      second amended complaint;

20      4.    Plaintiff may not add any new, unrelated claims to this action via his amended
21      complaint and any attempt to do so will result in an order striking the amended
22      complaint; and

23      5.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with
24      prejudice, for failure to state a claim.

25
26
27  IT IS SO ORDERED.

28  **Dated:**   **November 19, 2012**          **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE