# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LOREN PERKINS,<br><br>             Plaintiff,<br><br>      vs.<br><br>JOHN MATTHEWS, et al.,<br><br>             Defendants. | 1:10-cv-01611-GSA-PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 17.)<br><br>ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)<br><br>ORDER DIRECTING CLERK TO CLOSE CASE |

## I.      BACKGROUND

Anthony Loren Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 7, 2010.  (Doc. 1.)  On October 4, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On January 11, 2011, Plaintiff filed the First Amended Complaint.  (Doc. 10.)  The court screened the First Amended Complaint pursuant to 28 U.S.C. 1915A and entered an order

on November 19, 2012, dismissing the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 15.)  On December 17, 2012, Plaintiff filed the Second Amended Complaint, which is now before the court for screening.  (Doc. 17.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id., at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in the complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there.  Plaintiff names as

defendants John Matthews (Chief Medical Officer) and W. Prewett (D.D.S.).  Plaintiff's factual allegations follow.

In September 2009 at CCI, Plaintiff injured his jaw.  More than ten days later on September 14, 2009, it was discovered through x-rays that Plaintiff's jaw was broken.  Plaintiff was told that he was scheduled for surgery the next day, September 15, 2009, but he did not have the surgery until September 23, 2009.

On September 14, 2009, Defendant Dr. W. Prewett received information from Dr. Nakayama, also a D.D.S. physician, that Plaintiff hurt himself while exercising, may have dislocated or fractured his jaw, and had facial swelling with limited mouth opening.  Plaintiff was told that he would have surgery the next day, but the surgery was delayed.  Dr. Prewett's physician's orders indicated that Plaintiff was not in a lot of pain, although Dr. Prewett did not personally examine Plaintiff.  Plaintiff claims that Dr. Prewett knew about his serious medical need but delayed treatment.

On September 20, 2009, Plaintiff filed an appeal complaining about the delay.  Defendant John Matthews delayed the surgery by deciding that Plaintiff's appeal was not an emergency.  By not designating Plaintiff's appeal as an emergency matter, Matthews implied that his medical condition was not serious.

Plaintiff claims he endured insurmountable pain and suffering, emotional distress, and facial disfigurement for more than two weeks because of the delay in surgery.

Plaintiff seeks monetary damages as relief.

IV.   **PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

1    (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

2    deprivation of a state-created interest that reaches beyond that guaranteed by the federal

3    Constitution, Section 1983 offers no redress."  Id.

4         To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

5    under color of state law and (2) the defendant deprived him or her of rights secured by the

6    Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

7    2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the

8    meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts,

9    or omits to perform an act which he is legally required to do that causes the deprivation of

10   which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The

11   requisite causal connection can be established not only by some kind of direct, personal

12   participation in the deprivation, but also by setting in motion a series of acts by others which

13   the actor knows or reasonably should know would cause others to inflict the constitutional

14   injury."  Id. at 743-44.

15      A.      **Eighth Amendment Medical Claim**

16        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

17   inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

18   1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).

19   The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious

20   medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

21   further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

22   defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

23   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX

24   Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations

25   omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

26   prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing

27   McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison

28   officials deny, delay or intentionally interfere with medical treatment, or it may be shown by

                                              4

the way in which prison physicians provide medical care."  Id.   Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.  Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation."  Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff has demonstrated that he had an objectively serious medical need, because his jaw was broken, causing him to suffer pain, disfigurement, and trouble eating and talking. Plaintiff alleges that his condition was documented as urgent on September 14, 2009, but defendants delayed  his surgery and other medical treatment for nine more days, which extended his suffering.  However, Plaintiff has not alleged facts showing that defendants were deliberately indifferent to his medical needs.  Plaintiff has not alleged facts demonstrating that defendants purposely delayed his surgery, consciously disregarding a substantial risk of serious harm to Plaintiff.   Plaintiff's conclusory statement that Dr. Prewett knew about his serious medical need but delayed treatment is not sufficient.  Iqbal 556 U.S. at 678.  Therefore, Plaintiff fails to state a medical claim against either of the defendants.

///

///

5

**B.       Inmate Appeals Process**

Plaintiff alleges that defendant Prewett failed to properly designate his inmate appeal as urgent.  A defendant's actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeal.

**V.      CONCLUSION AND ORDER**

The Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted under § 1983 against any of the defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.   Plaintiff has now filed three complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

///

Therefore, **IT IS HEREBY ORDERED** that:

1.      This action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2.      This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.      The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 17, 2013**                        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE